UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN F.,

               Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. 3:18-cv-05534-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Brian F. has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons below, the undersigned affirms defendant's decision to deny benefits.

PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance benefits and SSI in October 2015, alleging he became disabled as of April 15, 2015. Dkt. 9, Administrative Record (AR) 15. Both applications were denied at the initial and reconsideration levels of administrative review. *Id.* After a hearing, an administrative law judge (ALJ) issued an unfavorable written decision on

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 1

May 1, 2017. *Id.*; AR 29-85 (hearing transcript). The ALJ performed the five-step sequential analysis. AR 15-28. He determined that there were jobs existing in significant numbers in the national economy that plaintiff could perform, and therefore that plaintiff was not disabled. AR 27. Plaintiff filed a complaint with this Court, seeking reversal and remand for a new hearing or an award of benefits.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.*; *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

"If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "'[w]here there is conflicting evidence sufficient to support either outcome,'" the Court "'must affirm the decision actually made.'" *Id.* (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

## ISSUES FOR REVEW

1. Did the ALJ err in determining that plaintiff's mental-health conditions did not meet the criteria for a listed impairment?

2. Did the ALJ err in failing to include manipulative limitations in plaintiff's residual functional capacity?

3. Did the ALJ provide adequate reasons to discount plaintiff's testimony?

## DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. At step four of that process, the claimant's residual functional capacity (RFC) is assessed to determine whether past relevant work can be performed, and, if necessary, at step five to determine whether an adjustment to other work can be made. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). At step five, the Commissioner has the burden of proof, which can be met by showing a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1520(e).

A. <u>Step Three Listing Determination</u>

Plaintiff contends the ALJ erred at step three of the sequential evaluation process. He challenges the ALJ's finding that plaintiff does not have an impairment or combination of impairments that meets the "Paragraph B" criteria for listings 12.04 and 12.06. *See* AR 20-21.

At step three, the ALJ must evaluate the claimant's impairments to decide whether they meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R §§ 404.1520(d), 416.920(d); *Tackett*, 180 F.3d at 1098. To meet a listing, a claimant "must have a medically determinable impairment(s) that satisfies all of the criteria in the listing." 20 C.F.R. §§ 404.1525(d), 416.925(d). If it does, the claimant is deemed disabled. 20 C.F.R § 404.1520(d).

To meet either listing 12.04 or 12.06, a claimant must satisfy the "Paragraph B" criteria. These require:

> Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
>
> 1. Understand, remember, or apply information (see 12.00E1).
> 2. Interact with others (see 12.00E2).
> 3. Concentrate, persist, or maintain pace (see 12.00E3).
> 4. Adapt or manage oneself (see 12.00E4).[1]

20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 12.04, 12.06 (version effective March 27, 2017).

The burden of proof is on the claimant to establish he or she meets or equals any of the impairments in the Listings. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). "A generalized assertion of functional problems is not enough to establish disability at step three." *Id.* at 1100. An ALJ "must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). This Court will uphold an ALJ's finding that a plaintiff does not meet listing criteria if substantial evidence supports that finding. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

Here, plaintiff challenges the ALJ's findings that plaintiff has only moderate limitations in maintaining social functioning and maintaining concentration, persistence, and pace. Plaintiff's arguments lack merit because substantial evidence supports the ALJ's findings.

With respect to maintaining social functioning, plaintiff points to evidence that he became angry and hostile with healthcare workers and cut off contact with his daughter. The ALJ considered this evidence in assessing whether plaintiff meets the criterion. AR 21. She also

---

[1] The regulations define "[m]oderate limitation" as a "fair" ability to function "independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.00F(2). They define "[m]arked limitation" as a "seriously limited" ability to do so. *Id.*

considered that plaintiff "did not report significant difficulties in working with others" in his application documents. *Id*. Substantial evidence supports the ALJ's finding of moderate limitation, and plaintiff cannot show error in the ALJ's failure to interpret the evidence as plaintiff proposes. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (ALJ resolves conflicts and ambiguities in the evidence).

With respect to maintaining concentration, persistence, and pace, plaintiff asserts the ALJ applied the wrong standard in observing that plaintiff "did not definitively state he would be completely unable to sustain a normal work schedule." *See* AR 21. But the ALJ's remark does not reflect an improper legal standard, nor does it show the ALJ lacked substantial evidence for her finding. The ALJ was citing one piece of evidence that she considered in reviewing the record. The ALJ reasonably construed the evidence—including symptoms in plaintiff's treatment notes and plaintiff's own statements—as showing plaintiff was moderately limited in maintaining concentration, persistence, and pace. Plaintiff does not cite any contrary evidence. Dkt. 13, pp. 6-7. *See Tackett*, 180 F.3d at 1098 (plaintiff has burden of proof at step three).

Accordingly, plaintiff has not shown any error by the ALJ at step three.

B.  Plaintiff's Testimony

Next, plaintiff challenges the ALJ's reasoning in rejecting his testimony about right-hand numbness. Plaintiff testified that he lacks feeling in his right arm, that he can barely lift a gallon of milk with it, and that he can only lift it 10 inches or so from a straight drop. AR 24, 46-47.

In weighing a plaintiff's testimony, an ALJ must use a two-step process. First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). If the first step is satisfied and there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity

of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

Here, the ALJ gave several reasons for discounting plaintiff's testimony. AR 24. Plaintiff challenges only one: that his activities of daily living undermine his allegations. Because plaintiff does not challenge the ALJ's other reasons—that plaintiff did not report these severe limitations to his providers, and thus no objective testing is available, and that plaintiff did not demonstrate motor or sensory deficits in physical exams—plaintiff has not shown that the ALJ erred in discounting his testimony. *See* AR 24 (citing AR 975, 988); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (ALJ's error in giving one reason to discount plaintiff's testimony is harmless if ALJ gives other, valid reasons).

Further, the reason plaintiff does challenge—that plaintiff's activities undermine his testimony about right-hand numbness—was clear, convincing, and supported. The ALJ could reasonably infer that lighting a cigarette, playing video games on a phone, and turning a steering wheel, as these activities are typically performed, undermine plaintiff's testimony that he cannot lift his arm more than 10 inches. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (ALJ may reject testimony regarding limitations that are inconsistent with plaintiff's level of activity); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (ALJ may draw inferences "logically flowing from the evidence").

Accordingly, the ALJ did not err in discounting plaintiff's testimony.

C. <u>Limitations Omitted from RFC</u>

Plaintiff also briefly challenges the limitations the ALJ included in the RFC. Dkt. 13, pp. 7-8. This argument lacks merit, because plaintiff does not identify a legal basis for it.

Plaintiff asserts that the ALJ should have included manipulative limitations because plaintiff made persistent complaints of right-hand numbness. The ALJ's analysis of plaintiff's

testimony, and his decision to partially discount that testimony, is discussed above. The ALJ was not required to incorporate in the RFC alleged limitations that the ALJ properly discounted.

Plaintiff alleges the ALJ erred in assessing an RFC that *required* plaintiff to be around crowds. Dkt. 13, p. 7. This was evidently a typographical error in the written decision; at the hearing, the ALJ's hypothetical question to the vocational expert provided that the person "should *not* work around crowds." AR 22, 74-75 (emphasis added). The vocational expert's response to this question was the basis for the ALJ's finding that plaintiff is not disabled. AR 27.

Finally, plaintiff alleges that the ALJ should have provided for "off-task limitations or reduced output" in the RFC because these "flow from" impairments that the ALJ found to be severe at step two. Dkt. 13, pp. 7-8. Plaintiff again fails to identify any legal error. An ALJ is required to weigh evidence of functional limitations in assessing a claimant's RFC. 20 C.F.R. § 404.1545. But the ALJ is not required to speculate about what limitations plaintiff's impairments might cause.

Accordingly, plaintiff has not identified any error in the ALJ's RFC assessment.

## CONCLUSION

Based on the above analysis, the Defendant's decision to deny benefits is AFFIRMED.

Dated this 23rd day of May, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 7